Law Offices Of P. Randall Noah
P. Randall Noah, SBN 136452
21 Orinda Way, Suite C, #316
Orinda, CA 94563
Tel. (925) 253-5540
Fac. (925) 253-5542
Email: pnoah@ix.netcom.com
Attorney for Plaintiff,
Sylvia Dutra

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA DUTRA,<br><br>        Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>        Defendant.<br>_____/ | CASE NO.<br><br>COMPLAINT<br>29 USC §1132(a)(1)(B) |

PLAINTIFF, SYLVIA DUTRA, ALLEGES AS FOLLOWS:

### JURISDICTION

1.    This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof.  This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

2.    Venue is proper under 29 USC §1132(g) in that the defendant, Hartford Life And Accident Insurance Company

("Hartford"), does business within the jurisdiction of the United States District Court, Northern District Of California.

3. Plaintiff is a resident of Antioch, California.

4. Plaintiff is informed and believes that Defendant, Hartford, and at all times herein mentioned was, a Connecticut corporation, with its principal place of business in Hartford, Connecticut.

**ALLEGATIONS CONCERNING RELIEF SOUGHT**

5. Ms. Dutra, age 65, was employed at CoreLogic as an Operations Supervisor II, managing 15 employees, using a computer keyboard and mouse the entire work day to communicate with employees, run production reports, answer questions, etc. She suffered from degenerative disc disease. By May 29, 2019, pain associated with severe spinal degenerative disc disease (cervical), along with radiculopathy and chronic pain, made her own work, or any regular, full time work, impossible. Hartford, the State of California and the Social Security Administration all confirmed Ms. Dutra's work disability. Hartford approved long-term disability for nearly two years. LTD benefits were then arbitrarily terminated by Hartford in August 2021 when Hartford determined Ms. Dutra's cervical disc disease,

chronic pain, and physical restrictions and limitations would not prevent her from working full time in her own occupation.  This was determined through a decision by a Hartford retained medical consultant, Dr. Howard Grattan, who never had Ms. Dutra examined by a physician.

6.   When plaintiff was found disabled from her own occupation as a tax department supervisor by her doctors, and Hartford, there was an insurance policy covering employees of CoreLogic, including plaintiff, with a long term disability insurance plan through Hartford, and administered by Hartford.

7.   The long-term disability insurance plan was to provide disability payments to any employee covered by the plan, including plaintiff, who suffered a total disability, as defined by the plan.

8.    Plaintiff's severe cervical degeneration, chronic pain and physical limitations led to a total disability from her occupation as a tax specialist and department supervisor, as determined by her medical doctors, and she applied for benefits under the long term disability insurance plan administered by defendant.  Plaintiff's application for benefits was based on the opinion of plaintiff's treating physician that she

could not return to work in her former occupation, or any occupation, due to severe disc degeneration and pain.

9.   Plaintiff's doctors believed that plaintiff was in fact disabled from returning to work as a tax department supervisor as well as any other job which would require daily activity with periods of sitting, standing, walking, repetitive motion such as typing, and nearly any physical activity.  The Social Security Administration confirmed plaintiff's work disability from any occupation, even part-time.

10.  Plaintiff accordingly applied for benefits under defendant's long term disability plan.  Long term disability benefits were granted for nearly two years, and then denied due to defendant's opinion that the pain and disc degeneration was not severe enough to prevent plaintiff from returning to full time work in her own occupation.  Plaintiff appealed defendant's decision in accord with the requirements of her policy.  The appeal was denied by defendant, exhausting the administrative appeals.

11.  The relevant portions of the Hartford long term disability insurance policy read as follows:

> "From the date that you first become disabled and until monthly benefits are payable for 24 months, under this

plan you are totally disabled when you are not able to perform with reasonable continuity the substantial and material acts necessary to pursue your own occupation in the usual or customary way and you are not working in your own occupation."

"After the first 24 months that any monthly benefit is payable during a period of disability, under this plan you are "totally disabled" when you are not able to engage with reasonable continuity in any occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity …"

12. Defendant breached its obligation under the long term disability plan by denying plaintiff's disability payments when plaintiff met all of the above criteria, which set forth eligibility.  Defendant arbitrarily and unreasonably relied on retained consultants' opinions as opposed to plaintiff's own statements and treating doctors' opinions.

13. Plaintiff at all times herein mentioned has performed all the terms and conditions of Hartford's long term disability plan on her part to be performed.

14. As a proximate result of defendant's failure and refusal to perform its obligations under the long term disability plan, plaintiff has been compelled to retain counsel to protect her rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays judgment against defendant as follows:

    1.   For compensatory damages;

    2.   For costs of suit herein;

    3.   For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

    4.   For prejudgment interest on all back benefits;

    5.   For such other and further relief as the court may deem proper.

DATED: April 4, 2022

        Law Offices Of P. Randall Noah

        By: /s/ P. Randall Noah
        P. Randall Noah
        Attorney for Plaintiff, Sylvia Dutra

Complaint